IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LEONARD LUNA, on behalf of himself             PLAINTIFF
and all others similarly situated

V.                          Case No. 5:18-cv-05141

WAL-MART TRANSPORTATION, LLC,                  DEFENDANTS
an Arkansas Corporation; and DOES
1-10, inclusive

## MEMORANDUM OPINION AND ORDER

Now before the Court are Defendant Wal-Mart Transportation, LLC's (hereinafter "Wal-Mart Transportation") Motion to Dismiss (Doc. 41) and Brief in Support (Doc. 42), Plaintiff Leonard Luna's Brief in Opposition (Doc. 45), and Wal-Mart Transportation's Reply (Doc. 47).

The Court conducted a motion hearing on October 9, 2018. Counsel for both parties had the opportunity to present oral argument on the Motion and answer the Court's questions. At the conclusion of the hearing, the Court ruled from the bench and **GRANTED** Wal-Mart Transportation's Motion, dismissing the case **WITHOUT PREJUDICE**. The following Order memorializes the Court's findings from the bench and further explains the reasons for the Court's decision. To the extent anything in this Order conflicts with statements made from the bench, this Order will control.

### I. BACKGROUND

On or about April 2016, Mr. Luna completed a multi-page online application for a truck-driving job with Wal-Mart Transportation. One of the forms authorized Wal-Mart Transportation to obtain a consumer report on Mr. Luna. According to Mr. Luna, the authorization form was not a "stand-alone" authorization; instead the form contained

additional extraneous information. After Mr. Luna applied for the job online, Wal-Mart Transportation obtained Mr. Luna's driving record and thereafter denied him employment.

Mr. Luna's sole cause of action alleges that Wal-Mart Transportation violated the Fair Credit Reporting Act ("FCRA") by procuring a "consumer report" on him without first obtaining his authorization through a "clear and conspicuous disclosure . . . in writing . . . *in a document that consists solely of the disclosure* that a consumer report may be obtained for employment purposes." (Doc. 22); 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added). Wal-Mart Transportation argues that the claim should be dismissed because Wal-Mart was not obligated to provide a stand-alone disclosure to Mr. Luna at the time he applied online for the truck-driving job. Wal-Mart Transportation points out that there are exceptions to the stand-alone disclosure requirement, and Mr. Luna's application falls under one of those exceptions.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court must accept all of a complaint's factual allegations as true, and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F. 3d 659, 665 (8th Cir. 2009).

However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

2

(2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

### III. DISCUSSION

In the Amended Complaint, Mr. Luna claims Wal-Mart Transportation failed to comply with the FCRA's stand-alone disclosure requirement in 15 U.S.C. § 1681b(b)(2)(A) before procuring a consumer report on him that contained "an incomplete [driver's] safety performance history." (Doc. 22, ¶¶ 15, 16). He sets forth the factual basis for his claim as follows:

> On or about April 2016, Plaintiff Luna applied for a truck-driving job with [Wal-Mart Transportation]. As part of the multiple-page online application process, Defendant required Plaintiff Luna to complete numerous forms, including a FCRA authorization. The FCRA authorization form is buried among multiple documents and other forms and includes various other extraneous information. Accordingly, the FCRA authorization form is not presented as a stand-alone disclosure pursuant to the FCRA.

*Id.* at ¶ 15.

In its Motion to Dismiss, Wal-Mart Transportation argues that Mr. Luna failed to state a valid claim because his online application for the truck driver position fell within an exception to the stand-alone disclosure requirement of 15 U.S.C. § 1681b(b)(2)(A) ("subsection (A)"). The exception appears at 15 U.S.C. § 1681b(b)(2)(B) ("subsection (B)")

and at 15 U.S.C. § 1681b(b)(2)(C) ("subsection (C)"). The relevant portions of subsections (A)-(C) are as follows:

> (2) Disclosure to consumer
> (A) Except as provided in subparagraph (B), a person may not procure a consumer report . . . unless—
>> (i) a clear and conspicuous disclosure has been made . . . in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>> (ii) the consumer has authorized in writing . . . the procurement of the report by that person.
>
> (B) If a consumer described in subparagraph (C) applies for employment by mail, telephone, computer, or other similar means, at any time before a consumer report is procured . . . in connection with that application—
>> (i) the person who procures the consumer report . . . shall provide to the consumer, by oral, written, or electronic means, notice that a consumer report may be obtained for employment purposes, and a summary of the consumer's rights . . . and
>> (ii) the consumer shall have consented, orally, in writing, or electronically . . .
>
> (C) Subparagraph (B) shall apply to a person procuring a consumer report on a consumer in connection with the consumer's application for employment only if—
>> (i) the consumer is applying for a position over which the Secretary of Transportation has the power to establish qualifications and maximum hours of service . . . and
>> (ii) as of the time at which the person procures the report . . . the only interaction between the consumer and the person in connection with that employment application has been by mail, telephone, computer, or other similar means.

15 U.S.C. § 1681b(b)(2)(A)-(C).

Assuming the factual allegations in the Amended Complaint are true, Wal-Mart Transportation would *not* have been required to provide Mr. Luna with a stand-alone disclosure, as per subsection (A), concerning Wal-Mart's intent to procure a consumer report on Mr. Luna for employment purposes. Instead, the company was required to comply with the disclosure requirements of subsection (B), since Mr. Luna met the definition of "consumer," as described in subsection (C). In particular: (1) he applied for

4

a position overseen by the Secretary of Transportation, and (2) at the time he filled out the application, the only interaction between himself and Wal-Mart Transportation in connection with the position was by mail, telephone, computer, or other similar means. 15 U.S.C. § 1681b(b)(2)(B)-(C).[1] Subsection (B) explains that if a consumer meets the definition in (C), the party seeking to procure the consumer report for employment purposes must simply "provide" the consumer "by oral, written, or electronic means, notice that a consumer report may be obtained for employment purposes, and a summary of the consumer's rights." *Id.* And once the procuring party provides that notice, the applicant must consent to the procurement "orally, in writing, or electronically." *Id.*

The Amended Complaint states that Mr. Luna "applied for a truck-driving job," and "[a]s part of the multiple-page online application process," completed various online forms, "including a FCRA authorization" that was "not presented as a stand-alone disclosure." (Doc. 22, p. 5). Mr. Luna admits that in completing these forms online, he consented to Wal-Mart Transportation's procurement of his consumer report. Though he characterizes that consent as "illegal," *see id.*, since the disclosure form was not presented to him as a stand-alone document, the Court finds that Wal-Mart

---

[1] During the motion hearing, Mr. Luna's counsel suggested that even though Mr. Luna gave his online consent for Wal-Mart Transportation to procure his consumer report, the report was not actually procured until sometime later, after Mr. Luna appeared at a Wal-Mart Transportation facility for a face-to-face interview and a driving test. Mr. Luna contends that under those circumstances, Wal-Mart Transportation would have been required *once again* to obtain his consent to procure his consumer report—this time in a way that complied with subsection (A), since following an in-person interview, the company's interactions with him would not have been limited only to mail, telephone, or computer, and he would no longer have met the requirements of a "consumer" as defined in subsection (C). To be clear, the Court has not considered any of the above "facts" concerning the alleged face-to-face interview or the alleged late acquisition of the consumer report in evaluating the Motion to Dismiss, as none of them appear in the Amended Complaint (Doc. 22).

Transportation was not statutorily obligated to provide him a stand-alone disclosure under the facts alleged and for the reasons explained above. Therefore, Mr. Luna's Amended Complaint fails to state a valid claim for a violation of 15 U.S.C. § 1681b(b)(2)(A), and the case will be dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth herein, and as indicated from the bench during the hearing on October 9, 2018, **IT IS ORDERED** that Defendant Wal-Mart Transportation, LLC's Motion to Dismiss (Doc. 41) is **GRANTED**, and the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a valid claim.

**IT IS SO ORDERED** on this 1st day of November, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE